IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                       Criminal Case No. 14-03519-RB

vs.

JIM WALTER QUALLS, JR.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On May 7, 2015, Defendant Jim Walter Qualls, Jr. pleaded guilty to four counts of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct (18 U.S.C. § 2251(a), 18 U.S.C. § 22519(e), and 18 U.S.C. § 2256). On November 16, 2016, the Court held a sentencing hearing for Mr. Qualls. Prior to the hearing, Mr. Qualls made several objections to his Presentence Report. (Doc. 59.) Mr. Qualls believes that the indictment and resulting offense level calculations are multiplicitous, and that U.S.S.G. §§ 4B1.5(a)(2) and 2G2.1(b)(2)(A) were erroneously applied. He also disagrees with the enhancement of the mandatory maximum and minimum sentence under 18 U.S.C. § 2251(e) based on his prior conviction for a sexual offense. The Court ruled on these objections at the hearing, and reaffirms the ruling here. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court **OVERRULES** Mr. Qualls' objections to the Presentence Report.

**A. Objections**

   **1. Mr. Qualls objects to the calculation of the offense level under the guidelines and believes that the charges in the indictment are multiplicitous**

The PSR correctly considers each count separately for calculating Mr. Qualls' offense level. Mr. Qualls believes that because the indictment does not state what the "unit of prosecution" is, there is only one criminal act to support a conviction. (Doc. 59.) An indictment is multiplicitous when it charges the same criminal behavior in more than one count. *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992). A unit of prosecution is the "minimum amount of activity for which criminal liability attaches." *United States v. Rentz*, 777 F.3d 1105, 1108 (10th Cir. 2015). When determining the unit of prosecution applicable to 18 U.S.C. § 2251(a), Mr. Qualls' charge, the Tenth Circuit concluded that:

> As we construe the statute, each use of a minor to create a visual depiction constitutes a separate and distinct violation, and thus represents the correct unit of prosecution . . . That conclusion is supported by the legislative history of the statute, which indicates Congress intended to protect children from the abuse inherent in the production of pornographic materials . . . The fact that multiple photographs may have been sequentially produced during a single photographing session is irrelevant. Each photograph depended on a separate and distinct use of the children.

*United States v. Esch*, 832 F.2d 531, 541 (10th Cir. 1987) (citations omitted).

In this case, Mr. Qualls was charged with four distinct counts of production of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256. The images are similar, but they are still distinguishable and were taken at distinct moments in time. Each of the four images is a separate and distinct use of a minor to create a visual depiction. Because each image is distinct, the indictment is not multiplicitous. The PSR correctly calculated the total offense level by treating each count of the indictment as a separate offense.

### 2. Mr. Qualls objects to a sentencing enhancement under guideline §4B1.5(a)(2) because it is unconstitutionally broad and vague

The §4B1.5(a)(2) enhancement for repeat and dangerous sex offenders is not overly broad or vague. Mr. Qualls' criminal history was enhanced pursuant to § 4B1.5(a)(2), which raised his criminal history category from II to V. Mr. Qualls argues that this guideline enhancement is overly broad and vague because it includes any offense perpetrated against a minor. This section applies, however, "in any case in which the defendant's instant offense of conviction is a covered sex crime. . . and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." U.S.S.G. § 4B1.5(a). USSG §4B1.5(a)(2) defines a sex offense conviction as "(I) . . .any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor; and (II) does not include trafficking in, receipt of, or possession of child pornography." 18 U.S.C. § 2426(b)(1)(B) includes any conviction "under state law for an offense consisting of conduct that would have been an offense under chapter[s] [117, 109A, or 110] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2426(b)(1)(B). Mr. Qualls was convicted in New Mexico state court on a count of enticing a minor in violation of N.M. Stat. Ann. § 30-9-1. The jury found that Mr. Qualls had possession of a child who was 12 years old or younger inside a McDonald's bathroom with the intent of touching or applying force to the child's penis. (*See* Doc. 55 at 3.) If this had happened in United States jurisdiction, Mr. Qualls' acts would have constituted abusive sexual contact pursuant to 18 U.S.C. §§ 2244(a)(3) or (5), a crime under Chapter 109A. Thus, Mr. Qualls' prior conviction qualifies for the U.S.S.G. § 4B1.5(a)(2) enhancement.

3. **Mr. Qualls objects to a sentencing enhancement contained in 18 U.S.C. § 2251(e) because it is unconstitutionally broad and vague**

Mr. Qualls also argues that the enhancement under 18 U.S.C. § 2251(e) is overbroad because the term "relates to" is so broad as to violate due process and fails to provide notice of what is prohibited. 18 U.S.C. § 2251(e) is not unconstitutionally broad, nor vague. 18 U.S.C. § 2251(e) says that a defendant who violates 18 U.S.C. § 2251(a) "shall be . . .imprisoned not less than 15 years nor more than 30 years." A defendant with a prior conviction related to sexual abuse or abusive sexual contact of a minor or a ward is subject to a mandatory sentence of "not less than 25 years nor more than 50 years." 18 U.S.C. § 2251(e). Federal appellate courts have rejected the notion that "relates to" is too broad. *See United States v. Colson*, 683 F.3d 507, 511-512 (4th Cir. 2012) ("Numerous courts of appeals agree that Congress chose the expansive term "relating to" in § 2252A(b)(1) to ensure that individuals with a prior conviction bearing some relation to sexual abuse, abusive conduct involving a minor, or child pornography receive enhanced minimum and maximum sentences."); *United States v. Bennett*, 2016 U.S. App. LEXIS 9643 (10th Cir. 2016) (favorably citing *Colson*, along with cases from the Sixth, Eighth, Ninth, and Eleventh Circuits as support for the Tenth Circuit's broad interpretation of "relating to" in connection with the penalty enhancement contained in § 2252(b)(2)). The language contained in the statute is not overly broad or vague, and the 25 to 50 year mandatory minimum is appropriate in this case.

4. **Mr. Qualls argues that the United States is required to charge his prior conviction in the indictment or file a Notice of Statutory Enhancement**

Mr. Qualls pleaded guilty to the indictment on May 7, 2015. (Doc. 31.) Mr. Qualls now claims that prior to entering the plea, he was issued a Form 13 Pre-Sentence Report that showed that the offense for counts 1 through 4 had an imprisonment range per count of 15-30 years. Mr.

Qualls suggests that any facts relevant to an increase in both the minimum and maximum sentence must be submitted to the jury for proof beyond a reasonable doubt. (Doc. 59 at 4.) Federal Rule of Criminal Procedure 11 requires the magistrate judge to confirm that the defendant is accepting a waiver of the government's requirement to prove everything in the indictment. Fed. R. Crim. P. 11. Mr. Qualls argues that because his predicate offense was not listed in the indictment, it should not be used against him in sentencing. He relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013) for the proposition that if an aggravating factor is an element, it must be charged in the indictment. He also relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) for the proposition that facts that increase the statutory maximum must be proved beyond a reasonable doubt. The Government, however, argues that Mr. Qualls' argument fails because prior convictions are an exception to the rules outlined in *Alleyne* and *Apprendi*. These cases require the government to include in the indictment any facts that would increase a defendant's statutory penalties "[o]ther than the fact of a prior conviction." *Apprendi*, 530 U.S. at 490. Mr. Qualls' argument is incorrect. His sentence can be enhanced despite the charge's absence from the indictment.

5. **Mr. Qualls objects to a sentencing enhancement under guideline U.S.S.G. § 2G2.1(b)(2)(A) because production differs from "touch"**

U.S.S.G. Guideline § 2G2.1(b)(2)(A) is a two-level enhancement for "sexual contact." Mr. Qualls objects to the application of this enhancement because the Northern District of Iowa rejected the application of the enhancement for an individual convicted of production. (Doc. 59 at 5.) In that case, the defendant never touched the victim, and the court determined that the statute required the participation of at least two persons. *United States v. David Evan Starr*, 486 F.Supp.2d 940, 946-48 (N.D. Iowa 2007). Mr. Qualls uses this case for the proposition that self-touching cannot form the basis for a sexual act. However, § 2G2.1(b)(2)(A) applies to offenses

5

involving either "the commission of a sexual act or sexual contact." § 2G2.1(b)(2)(A). Self-touch does qualify as sexual contact because 18 U.S.C. § 2246(s) defines "sexual contact" as the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. 18 U.S.C. § 2246(3). The PSR applied two additional offense levels to two of the counts because two of the four images depict the victim using her fingers to self-penetrate. PSR ¶¶ 9, 35, 44.

The Government cites a First Circuit case in which the court held that a district court could look beyond the images produced to consider whether the "defendant's acts of employing, using, persuading, enticing, or coercing the minor to engage in sexually explicit conduct for the purpose of producing a depiction of that conduct involved a sexual act or contact." *United States v. Gonyer*, 2014 U.S. App. LEXIS 14952 30-31 (1st Cir. 2014) (internal quotations omitted). Here, Mr. Qualls admitted to touching his daughter in a sexual manner, so the two-level enhancement is appropriate.

## B. Conclusion

The PSR correctly identified Mr. Qualls' prior offense as a "sex offense" when it applied the § 4B1.5(a)(2) enhancement. If the New Mexico offense had occurred in United States jurisdiction, it would have constituted abusive sexual contact pursuant to §§ 2244(a)(3) or (5). The four charges in the indictment are distinct, not multiplicitous, and the PSR accurately calculated the offense level based on the indictment. Mr. Qualls' prior conviction subjects him to a statutory penalty enhancement, and that enhancement is not unconstitutionally vague or overbroad. Mr. Qualls failed to raise valid objections, and the enhanced mandatory minimum should be applied.

For all of the forgoing reasons,

    **IT IS ORDERED THAT:**

        **Defendant Jim Walter Qualls Jr.'s objections to the Presentence Report are OVERRULED.**

                                          _____
                                          **ROBERT C. BRACK**
                                          **UNITED STATES DISTRICT JUDGE**